IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ILONKA GONZALEZ**, *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 21-2272** |
| | : | |
| **DEPARTMENT OF THE TREASURY** | : | |
| **INTERNAL REVENUE SERVICE** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                         September 22, 2021

Pro se married taxpayers Ilonka and Juan Gonzalez, Jr., residents of Rockland County in the Southern District of New York, sued the Department of Treasury, Internal Revenue Service to resolve a dispute regarding a tax assessment and application of yearly refunds to satisfy the amount the IRS believes they owe. The United States moves to dismiss the Gonzalezes' complaint arguing we lack subject matter jurisdiction because they failed to pay the tax assessment before suing and exhaust administrative remedies. The United States alternatively moves to transfer their case to the United States District Court for the Southern District of New York. The Gonzalezes failed to respond to the United States' motion. We do not have sufficient information to find a lack of subject matter jurisdiction. But we must transfer as Congress requires these cases may only be filed in the District where the taxpayer resides. We grant the motion in part and transfer this action to the Southern District of New York under 28 U.S.C. § 1406.

**I.      Alleged facts**

The Gonzalezes are a married couple filing joint tax returns. Their pro se complaint is less than clear. Mrs. Gonzalez alleges the IRS in 2011 erroneously assessed $72,000 in personal income to her and her husband instead of income to "her" corporation.[1] Mrs. Gonzalez alleges after the IRS erroneously assessed the income to her and her husband, it began to apply their tax refunds to

satisfy the tax assessment but does not "see where it has been applied." She alleges she and her husband attempted to resolve the matter with the IRS for years and now seeks the assistance of the Court for the return of their tax refunds since 2012. They have been trying "for years" to resolve their issues and sued because the IRS represented to them in the last notice a lawsuit is one of their options to resolve their claim. They do not provide this "notice" for our review.

II.     Analysis

The United States moved to dismiss arguing we lack subject matter jurisdiction because (1) taxpayers must have paid the full assessment before suing; and (2) taxpayers must exhaust their administrative remedies before seeking judicial relief.[2] The United States argues the Gonzalezes failed to allege they met either of these requirements before seeking relief in this Court. The United States alternatively argues we should transfer this case to the United States District Court for the Southern District of New York, the home District of the Gonzalezes.

We cannot, on the face of the present pleading, determine whether we have subject matter jurisdiction and decline the United States' request we dismiss the pro se Complaint given we will liberally construe the allegations. We must, however, transfer their claim to the United States District Court for the Southern District of New York as venue is improper in this District.

A.      **We lack a basis to grant the United States' speculative subject matter jurisdiction argument.**

The United States first argues it—and not the Department of the Treasury Internal Revenue Service—is the proper defendant. The United States is generally immune from suit unless it waives its immunity.[3] Congress did so in 28 U.S.C. § 1346: "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been

erroneously or illegally assessed or collected, or any penalty claims to have been collected without authority …."[4]

The United States' waiver of its immunity is conditional.[5] Congress requires the taxpayer "must pay the full amount of a tax assessment or penalty before he can challenge its validity in a civil action in the United States district court under 28 U.S.C. § 1346."[6] "This is a jurisdictional rule that has long required the plaintiff to 'pay first and litigate later.'"[7] If a taxpayer seeks a refund of taxes or penalties she believes the IRS "erroneously or illegally assessed or collected," the taxpayer must also file an administrative claim with the IRS before filing an action and wait six months before bringing a claim in a district court unless the IRS decides the claim earlier.[8]

The United States construes the Gonzalezes seek a refund under section 26 U.S.C. § 7422(a). Section 7422(a) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, ***until a claim for refund or credit has been duly filed with the Secretary***, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."[9] We cannot determine the section under which the Gonzalezes seek relief.

The United States argues Mrs. Gonzalez alleges the IRS "has been collecting outstanding liability plus penalties and interest since 2012" implying the Gonzalezes have not paid their tax assessments for the 2011 tax year.[10] The United States also argues the Gonzalezes fail to allege exhaustion of their administrative remedies. We cannot determine from the pleading whether the Gonzalezes exhausted their administrative remedies. We can infer from the pro se complaint Mrs. Gonzalez brought this action because it "was one of the option[s] given to me by the last noticed

3

[sic] I received from the IRS," suggesting the Gonzalezes had some interaction with the IRS and possibly exhausted their administrative remedies.

We cannot determine our jurisdiction based on the current allegations which we must liberally construe at this stage. Even if we accepted the United States' arguments regarding our subject matter jurisdiction, we would not dismiss the Gonzalezes' complaint without allowing them the opportunity to cure the deficiencies in their pleading.

**B.    Venue is improper in this District.**

The United States alternatively argues the Gonzalezes may only bring an action in the judicial district where they reside even if we have jurisdiction. Congress requires in 28 U.S.C. § 1402(a), "[a]ny civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted *only* (1) … in the judicial district where the plaintiff resides."[11]

The Gonzalezes reside in Tappan, New York. Tappan is in Orangetown, Rockland County, New York.[12] Rockland County is within the United States District Court for the Southern District of New York.[13] Mrs. Gonzalez alleges the events giving rise to her claim occurred in the City of Bronx, New York. The City of Bronx is located within Bronx County[14] which is also within the Southern District of New York.[15]

The United States argues we must transfer the action to the Southern District of New York under 28 U.S.C. § 1404(a) for the convenience of the parties. Venue in this Court is improper, and we look to 28 U.S.C. § 1406(a) and not section 1404(a). We must transfer this case to the United States District Court for the Southern District of New York under 28 U.S.C. § 1406(a).[16]

4

### III. Conclusion

The Gonzalezes seek to challenge the United States' conduct relating to their 2011 income tax return. They pro se allege the IRS identified filing suit as one of their options in the last notice. We cannot grant the United States' motion to dismiss for lack of subject matter jurisdiction based on this pro se pleading. But we must transfer venue to the United States District Court for the Southern District of New York under the pleaded facts and Congress's mandate limiting venue to the judicial district where the Gonzalezes reside.

---

[1] ECF Doc. No. 1 at 3, § III.C. The amount owing now totals approximately $88,000 with interest and penalties.

[2] ECF Doc. No. 7-1 at 2-3.

[3] *United States v. Komlo*, 657 F. App'x 85, 87 (3d Cir. 2016).

[4] 28 U.S.C. § 1346(a).

[5] *Cash v. United States*, 725 F. App'x 171, 173 (3d Cir. 2018).

[6] *Komlo*, 657 F. App'x at 87 (quoting *Psaty v. United States*, 442 F.2d 1154, 1158 (3d Cir. 1971)).

[7] *Id.* (quoting *Flora v. United States*, 357 U.S. 63, 72-73 (1958), *on reh'g*, 362 U.S. 145 (1960)) (footnote omitted).

[8] *Cash*, 725 F. App'x at 173-74 (citing 26 U.S.C. §§ 7422(a), 6532(a)).

[9] 26 U.S.C. § 7422(a) (emphasis added).

[10] The United States attached a certified transcript of the Gonzalezes' tax assessments for 2011. ECF Doc. No. 7-2.

[11] 28 U.S.C. § 1402(a)(1) (emphasis added).

---

[12] https://www.tax.ny.gov/pdf/publications/orpts/swis_countyorder.pdf (last visited Sept. 21, 2021); https://statisticalatlas.com/county-subdivision/New-York/Rockland-County/Town-of-Orangetown/Overview (last visited Sept. 21, 2021).

[13] https://www.usmarshals.gov/district/ny-s/general/area.htm (last visited Sept. 21, 2021).

[14] https://www.ny.gov/counties/bronx (last visited Sept. 21, 2021).

[15] https://www.usmarshals.gov/district/ny-s/general/area.htm (last visited Sept. 21, 2021).

[16] *Krapf v. United States*, 604 F. Supp. 1164, 1165 (D. Del. 1985) (taxpayers' action seeking a refund of federal income taxes improperly venued in the District of Delaware and transferred, under 28 U.S.C. § 1406(a) to Court of Claims); *Cicotelli v. United States*, 545 F. Supp. 2d 609, 611 (W.D. Tex. 2008) (Pennsylvania taxpayers seeking a refund of taxes allegedly paid in excess to the IRS transferred to the Eastern District of Pennsylvania under 28 U.S.C. § 1406(a)).